UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON D. HINE,

    Plaintiff,                                                       CIVIL ACTION NO. 14-11135

  v.                                                DISTRICT JUDGE JOHN CORBETT O'MEARA
                                                    MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **GRANTED**, and that of Defendant **DENIED**, as there is no substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

**II.  REPORT**

    **A.  Introduction and Procedural History**

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on March 21, 2013, alleging that he had become disabled and unable to work on November 1, 2009, at age 37, due to back, shoulder, leg and head pain. He also suffered from depression and post-traumatic stress disorder (PTSD). Benefits were initially denied by the Social Security Administration. A requested de novo hearing was held on October 10, 2013,

before Administrative Law Judge (ALJ) Lawrence Blatnik. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work providing a sit-stand option with no exposure to vibrations or workplace hazards. Claimant was also found incapable of climbing ladders, ropes and scaffolds. The ALJ further limited him to simple, unskilled work requiring only brief contact with co-workers and the general public. The work did not involve meeting production quotas or keeping pace with other employees. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 41 years old at the time of the administrative hearing (TR 28). He had graduated from high school, and had been employed during the relevant past as a deliveryman and salesperson (TR 10). While serving in the United States Army from 2000 through 2011[1], he was a quartermaster and mail clerk (TR 34, 144, 181-191, 780). Plaintiff was able to work as an Army mail clerk through October 2010. The ALJ found, however, that the mail clerk job was designed by the Army to accommodate claimant's disabilities (TR 32-33). Therefore, the ALJ determined that this work did not rise to the level of substantial gainful activity (TR 10).

---

[1] Plaintiff served in three tours of combat: Iraq in 2004, Kuwait in 2005 and 2006, and Kuwait again in 2008-2009 (TR 785). He separated from the military with an Honorable Discharge.

2

Claimant alleged that he was disabled and unable to work since November 2009, due to joint pain, mental depression and PTSD (TR 39-40). He testified that he was primarily incapacitated by severe migraine headaches that occurred twice to four times per week. Each migraine episode allegedly lasted from ten to sixteen hours (TR 37-38). Medications proved ineffective (TR 38). When not experiencing a migraine, claimant was able to cook, grocery shop and do laundry (TR 30-31, 48-49). Plaintiff needed to quickly isolate himself in a dark room once a migraine occurred in order to avoid exposure to both sunlight and strong smells. He remained in the room until the headache dissipated[2] (TR 57-58).

A Vocational Expert, Georgette Gunther classified Plaintiff's past work as light, unskilled to semi-skilled activity (TR 65). The witness testified that there were no jobs for claimant to perform if his testimony were fully accepted[3] (TR 69). If he were capable of sedentary work, however, there were numerous unskilled office work, assembly and surveillance system monitoring jobs that he could perform with minimal vocational adjustment (TR 68). These jobs allowed a sit-stand option, and required only brief contact with the public. The work did not involve meeting production quotas or keeping pace with co-workers. There would be no need to use power or vibrating tools, and he would not be exposed to dangerous machinery or unprotected heights (TR 67).

---

[2]Upon discharge from the military in April 2011, Plaintiff was granted a 100 percent disability pension of nearly $3000.00 per month (TR 29).

[3]The witness opined that, if claimant needed to take frequent unscheduled breaks every day and be absent from work at least once a week due to migraine headaches, all work activity would be precluded (TR 69).

**B.     ALJ's Findings**

The Administrative Law Judge found that Plaintiff was impaired as result of migraine headaches, degenerative disc disease of the spine, shoulder pain, post surgical repair of a torn anterior cruciate knee ligament and PTSD, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain limited him to jobs that allowed a sit-stand option where he could alternate positions every 20 to 30 minutes. He would not have to perform any frequent crawling, stooping, kneeling or squatting. There was no need to climb ladders, ropes or scaffolds. He would not be exposed to workplace hazards, vibrating power tools, production quotas, or keeping pace with co-workers. He would only have superficial and brief contact with the general public. Nevertheless, he found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 10-17).

**C.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court

does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

### D.    Discussion and Analysis

After review of the record, I am persuaded that substantial evidence fails to support the Commissioner's conclusion that Plaintiff could perform a restricted range of sedentary work activity. The medical evidence, as a whole, provides objective support for Plaintiff's allegations of severe functional limitations stemming from his migraine headaches and other impairments.

The parties do not dispute the fact that Plaintiff suffers from severe joint pain affecting his back, shoulder and knee. Claimant was also diagnosed with PTSD as a result of having served his country honorably in Iraq and Kuwait. The medical evidence also demonstrates that Plaintiff suffers from persistent and incapacitating migraine headaches that force him to seclude himself in a blacked-out room for days at a time. The medical record

reveals that claimant received extensive treatment for these multiple impairments at the Veterans Affairs Medical Center (VAMC) after his discharge from the Army (TR 838-869).

In a residual functional capacity evaluation dated July 2012, a treating physician at the VAMC, Dr. David Scott, indicated that Plaintiff was unemployable. The doctor opined that the claimant could not work on a sustained basis, and would need to be absent from work several times a month in order to obtain relief from his migraine headaches and other disorders (TR 1014). There was no medical evidence in the record from an examining physician directly contradicting the treating doctor's conclusion. Given the many functional limitations found by the ALJ, the Vocational Expert expressly stated that there would be no jobs that claimant could perform if he also needed to be absent from work several times a month (TR 69).

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Dr. Scott was part of a team of doctors at the VAMC that monitored and treated Plaintiff for a variety of physical and mental problems. These doctors offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's physical and mental difficulties (TR 838-861, 2619-2623). Consequently, Dr. Scott's opinion that Plaintiff could not work on a sustained basis, and would need to be

absent from work several times a month in order to obtain relief from his headaches and other disorders, should have been given controlling weight by the ALJ.

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he has the vocational qualifications to perform alternative jobs in the economy, notwithstanding his severe impairments. Since Plaintiff was unable to perform a full range of sedentary work, the Commissioner could not meet that burden through the use of the Medical-Vocational guidelines[4]. As a result, a Vocational Expert (VE) was called upon to help determine whether jobs existed in the national economy for claimant to perform given his age, educational level, work experience and functional limitations stemming from his joint pain, migraine headaches and PTSD.

The VE explained that no jobs existed in the economy if the claimant's testimony regarding his functional limitations and need to be absent from work on a regular basis were found to be fully credible (TR 69). Since the medical evidence demonstrates that the claimant was severely impaired as a result of his joint pain, migraine headaches and emotional problems, the ALJ erred when he rejected claimant's credibility. Given claimant's age, education, lack of transferable skills and residual functional capacity for, at most, sedentary work, I suggest that substantial evidence fails to support the determination that he could perform other types of work activity existing in the economy. Accordingly, it is

---

[4]Claimants who can no longer perform past relevant work are assigned grid categories according to their residual functional capacity, age, education, and transferable skills, and the grid dictates a conclusion or rule of "disabled" or "not disabled". See 20 C.F.R. § 404, subpt. P, appendix 2 200.00(a) (2014).

recommended that Plaintiff's Motion for Summary Judgment be **GRANTED**, that of Defendant **DENIED**, and the instant case be **REMANDED** to the Commissioner for a computation of benefits to which claimant is entitled.

## III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
                                                    CHARLES E. BINDER
Dated: December 9, 2014                       United States Magistrate Judge