UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON D. HINE,

       Plaintiff,

Case No. 14-11135

Honorable John Corbett O'Meara

v.

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration,

       Defendant.
                                           /

## **ORDER DENYING DEFENDANT'S MOTION FOR AMENDMENT OF JUDGMENT**

This matter came before the court on Defendant's February 16, 2015 Motion for Amendment of Judgment. Plaintiff Jason Hine filed a response March 5, 2015. No reply was filed, and no oral argument was heard.

Defendant seeks alteration or amendment of the court's January 29, 2015 order adopting the December 9, 2014 Report and Recommendation of Magistrate Judge Charles E. Binder and granting Plaintiff's motion for summary judgment. Judgment was entered also on January 29, 2015.

Pursuant to Local Rule 7.1(h)(1), a motion for reconsideration must be filed within 14 days after entry of the order or judgment. In this case, Defendant filed her motion under Rule 59(e) of the Federal Rules of Civil Procedure, which must be filed not later than 28 days after entry of judgment. The standard for review under the two rules, however, is similar. The local rule provides the following:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other

persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3).

Rule 59(e) generally provides the following three grounds for altering or amending a judgment: 1) to accommodate an intervening change in controlling law, 2) to account for new evidence not available at trial, or 3) to correct a clear error of law or prevent manifest injustice. See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

In this case Defendant cites neither an intervening change in controlling law nor new evidence not available at the time the parties' dispositive motions were considered. Therefore, Defendant's motion must have been filed under the catchall provision, to correct a clear error of law or prevent manifest injustice. Defendant's arguments, however, are merely the same as those presented in her objections to the Magistrate Judge's Report and Recommendation and those upon which this court has already ruled, either expressly or by reasonable implication. Accordingly, Defendant has failed to show that the court has made a clear error of law or that manifest injustice as occurred.

## ORDER

It is hereby **ORDERED** that Defendant's February 26, 2015 Motion for Amendment of Judgment is **DENIED.**

s/John Corbett O'Meara  
United States District Judge

Date: June 17, 2015

2

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 17, 2015, using the ECF system and/or ordinary mail.

                                                                        s/William Barkholz
                                                                        Case Manager